UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**STEVE M. VANDYKE,**
       **Plaintiff**

v.                   **Civil Action Number**
                     **3:06CV341-J**

**MICHAEL J. ASTRUE, Commissioner,**
 **Social Security Administration,**
        **Defendant**

## MEMORANDUM OPINION

   This matter is before the Court on plaintiff Steve VanDyke's request for review of the decision of the defendant Commissioner denying his claim to Disability Insurance Benefits. After examining the materials of record, the arguments of the parties, and the applicable authorities, the Court is of the opinion that the decision of the Commissioner should be affirmed.

   Plaintiff filed application on September 2, 2003, alleging that had been unable to engage in any substantial gainful employment since October 2, 2002. After a hearing, the Administrative Law Judge ("ALJ") determined that Mr. VanDyke's work activity constituted substantial gainful activity and that he was not under a disability.

   Mr. VanDyke's occupation since 1994 has been "pawn shop proprietor." He clearly performs "significant services" for his business. His position with the pawn shop remains unchanged. He is the sole employee, opening and closing the shop, dealing with customers and managing inventory and records. He works with appliances, repairs jewelry and works in the shop five days a week.

1

His income from the shop has never great, but his low earnings are neither attributable to disability nor reflective of insubstantiality of the work. The ALJ noted that in the year 2000, he reported income of $2744. The next year (2001), his reported income was $223. In 2002, the year in which he alleged he was able-bodied until his shoulder injury in October, he reported a loss of $2551. In 2003, when he alleges that his back began giving him considerable difficulty, his income was $186. In 2004, he reported income of $635, or almost three times that in "pre-injury" 2001. Thus, as the ALJ notes, in the years immediately before and immediately after his alleged disability, Mr. VanDyke made essentially the same amount, i.e., slightly under $20 per month.

Not only is his post-injury income comparable to his pre-injury income, but Mr. VanDyke also do not testify regarding any significant differences in how he operated the shop before and after his injury. The ALJ also noted that one of Mr. VanDyke's hobbies is shooting both hand guns and long guns. As the ALJ observed, as a right-handed individual Mr. VanDyke would be taking the recoil on his injured shoulder.

A judgment in conformity has this day entered.